J-S31011-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RYAN ROBERT JOHNSON, | |
| Appellant | No. 1127 MDA 2015 |

Appeal from the Judgment of Sentence May 4, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0002278-2014

BEFORE:  SHOGAN, OTT, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED MAY 19, 2016**

Appellant, Ryan Robert Johnson, appeals from the May 4, 2015 judgment of sentence entered following his conviction by a jury of delivery of a controlled substance, possession of drug paraphernalia, false identification to law enforcement, and criminal use of a communication facility.  Following our careful review, we affirm.

The trial court summarized the facts of the crimes as follows:

Sergeant Kyle Gautsch, Detective Nicholas Licata, Sean Hamor of Adult Probation, and Detective Donald Heffner all testified on behalf of the Commonwealth.  On April 3, 2014, the day in question, Sergeant Gautsch was assisting Detective Heffner with a drug transaction in the area of Green and Boas Streets in Harrisburg.  After meeting with Detective Heffner and a confidential informant (CI), Sergeant Gautsch drove the CI to

---

[*] Retired Senior Judge assigned to the Superior Court.

Green Street, north of Boas Street; the CI was searched prior to entering the sergeant's vehicle. Sergeant Gautsch testified that once it was determined that everyone was set in place, the CI exited his vehicle and walked to the corner of Green and Boas Streets. At that point, Sergeant Gautsch observed [Appellant] meet with the CI. He observed the two interacting, then lost sight of them as they walked down Boas Street. Sergeant Gautsch identified [Appellant] as Ryan Johnson.

Detective Licata was also assisting Detective Heffner with surveillance of the drug buy on the day in question. Detective Licata parked his undercover vehicle in the 200 block of Boas Street, and he observed [Appellant] and the CI make a "hand–to-hand exchange." He also observed Detective Heffner arrest [Appellant].

Sean Hamor of the Dauphin County Adult Probation, assigned to the Street Crimes Unit, was in Detective Heffner's patrol car on the day of the drug transaction at issue. Agent Hamor testified that his role in the Street Crimes Unit includes supervising the offenders on his caseload, and responding to police calls, during which he is partnered with a police officer. Agent Hamor stated that he and Detective Heffner were conducting surveillance on Boas Street, close to Green Street, prior to the drug exchange taking place. After the exchange[] took place between [Appellant] and the CI, Agent Hamor exited the vehicle and ran down Green Street to get a view of [Appellant]. When he came into view, Agent Hamor ordered [Appellant] to stop. [Appellant] took a few steps as if he were going to run, so Agent Hamor pulled out a weapon and ordered him to the ground. As he told [Appellant] to stop, Agent Hamor observed the cash that [Appellant] was holding drop to the ground. Agent Hamor also retrieved [Appellant's] cell phone after he was apprehended.

Detective Heffner, the detective in charge of the drug investigation in question, testified that the operation was a "buy-bust" of an individual known as "Ryan a/k/a Kansas" and that the plan was for the CI to purchase Klonopin, or clonazepam, which is a Schedule IV drug. The CI was to buy them for $3.00 per pill, for $90.00. Detective Heffner observed the CI call [Appellant] on his cell phone. After the call, Detective Heffner searched the CI for drugs, drug paraphernalia, money, and weapons to ensure that the informant did not have any of these

items on his/her person at the time of the drug transaction. Detective Heffner also photographed $120 in U.S. currency and gave it to the CI. He explained that the money is photographed to determine whether the target, after an arrest, would have any of the photographed currency on his person. Detective Heffner testified that on the day in question, he had surveillance units on different streets of an intersection—a marked unit was parked at Third and Boas Streets, Detective Licata was positioned on the 200 block of Boas Street, and the CI was let out on the 1100 block of Green Street.

At approximately 3:50 p.m. on April 3, 2013, Detective Heffner observed the CI get out of Sergeant Gautsch's vehicle and walk toward Boas Street. He then saw the CI meet up with [Appellant], who he identified in court. Detective Heffner testified that after Detective Licata gave a takedown signal, the CI left [Appellant], and Detective Heffner drove around the corner. By the time Detective Heffner caught up with [Appellant], he was being taken into custody by Agent Hamor.

Detective Heffner recovered the money that was left behind which was $100, along with the cell phone. The photographs taken of the U.S. currency revealed that the serial numbers on the abandoned bills matched up with the serial numbers of five of the bills given to the CI. When Detective Heffner picked up the cell phone that was left behind, he dialed the number that the CI used to call [Appellant]; the detective did this from his own cell phone. When the call went through, the recovered cell phone started to ring and displayed Detective Heffner's phone number on it. Additionally, a subsequent investigation into the subscriber information from Verizon confirmed that the phone was subscribed to [Appellant]. The pills that were turned over to police were turned over to the Pennsylvania State Lab and it was confirmed that they were clonazepam pills.

Trial Court Opinion, 9/4/15, at 1–4 (internal citations omitted).

Following a jury trial on March 3–4, 2015, Appellant was convicted as described above. The court sentenced Appellant to an aggregate term of imprisonment of fifteen to sixty months on May 4, 2015. Appellant filed

timely post-sentence motions on May 14, 2015, which the trial court denied on June 3, 2015. Appellant filed a timely notice of appeal on June 30, 2015. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following two, reordered issues on appeal:

I. Whether the trial court erred in denying Appellant's post-sentence motion where the verdict was against the weight of the evidence so as to shock one's sense of justice where the Commonwealth failed to reveal the identity of its confidential informant?

II. Whether the trial court abused its discretion in sentencing Appellant to an aggregate sentence of fifteen (15) months to sixty (60) months of incarceration where the sentence is excessive and unreasonable in light of Appellant's rehabilitative needs, the gravity of the offense, and what is necessary to protect the public?

Appellant's Brief at 7 (underline omitted).

While Appellant asserted a weight-of-the-evidence claim in his post-sentence motions, he did not base it upon the Commonwealth's failure to reveal the identity of the CI. Rather, he asserted that his convictions were against the weight of the evidence where he "was not shown to have engaged in behavior which constituted the offenses of which he was convicted." Post-Sentence Motions, Motion for New Trial or Arrest of Judgment, 5/14/15, at unnumbered 2. In addition, Appellant did not raise any issue relating to the identity of the confidential informant in his concise statement of errors filed pursuant to Pa.R.A.P. 1925. Appellant's attempt to raise this issue for the first time on appeal results in waiver, as Appellant has not preserved the issue for our review. *Commonwealth v. Oliver*, 128

- 4 -

A.3d 1275, 1284 (Pa. Super. 2015) (issues not raised in the lower court are waived and cannot be raised for the first time on appeal) (citing Pa.R.A.P. 302(a)); Pa.R.A.P.1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

Appellant's second issue is a challenge to the discretionary aspects of his sentence. It is well settled that a challenge to the discretionary aspects of a sentence is a petition for permission to appeal, as the right to pursue such a claim is not absolute. *Commonwealth v. Treadway*, 104 A.3d 597, 599 (Pa. Super. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence," by (1) preserving the issue in the court below, (2) filing a timely notice of appeal, (3) including a Rule 2119(f) statement, and (4) raising a substantial question for our review. *Commonwealth v. Tejada*, 107 A.3d 788, 797 (Pa. Super. 2015) (citation omitted); *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013).

Appellant has met the first three parts of the four-prong test: Appellant filed a timely appeal; Appellant preserved the issue in a post-sentence motion; and Appellant included a statement pursuant to Pa.R.A.P. 2119(f) in his brief. Thus, we assess whether Appellant has raised a substantial question with respect to the issues he presents.

A determination as to whether a substantial question exists is made on a case-by-case basis. *Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Caldwell*, 117 A.3d 763, 768 (Pa. Super. 2015), appeal denied, 126 A.3d 1282 (Pa. 2015). Here, we conclude that Appellant's challenge to the imposition of his sentence as unduly excessive, together with his claim that the trial court failed to consider his rehabilitative needs, presents a substantial question. *Commonwealth v. Johnson*, 125 A.3d 822 (Pa. Super. 2015) (excessive sentence claim, in conjunction with assertion that court failed to consider mitigating factors, raises a substantial question). Thus, we grant Appellant's petition for allowance of appeal and address the merits of his claim. *Caldwell*, 117 A.3d at 770.

Appellant maintains that his sentence was "excessive and unreasonable in light of Appellant's rehabilitative needs, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the protection of the public." Appellant's Brief at 14–15. He maintains that he should have received only "a non-confinement sentence." *Id*. at 15. Appellant asserts that the trial court disregarded the fact that "Appellant has his high school diploma and graduated from

technical school, where he learned various job skills" that he now cannot utilize because he is incarcerated. *Id*.

In assessing the merits of a challenge to the discretionary aspects of a sentence, we apply the following standard:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Johnson*, 125 A.3d at 826 (citing *Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa. Super. 2013)); *see also Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007) (citation omitted) ("An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice bias or ill-will, or such a lack of support as to be clearly erroneous.").

In rejecting Appellant's claim, the trial court noted that its imposition of this standard-range sentence included careful consideration of the presentence report. Trial Court Opinion, 9/4/15, at 6. When a presentence investigation report exists, this Court presumes that the trial court "was aware of relevant information regarding [the appellant's] character and weighed those considerations along with the mitigating statutory factors."

***Commonwealth v. Fullin***, 892 A.2d 843, 849–850 (Pa. Super. 2006) (citation omitted). As our Supreme Court explained:

> A pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

***Commonwealth v. Devers***, 546 A.2d 12, 18 (Pa. 1988). "The sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the pre-sentencing report[,] thus properly considering and weighing all relevant factors." ***Commonwealth v. Ventura***, 975 A.2d 1128, 1135 (Pa. Super. 2009) (citation omitted).

In addition, at sentencing, defense counsel asserted Appellant's receipt of a high school diploma and technical job skills for the trial court's consideration. N.T., 5/4/15, at 3. The trial court additionally reviewed Appellant's considerable criminal history, which included a forty-four-month sentence in Kansas for his conviction of robbery, and delivery of a controlled substance in Pennsylvania.

Further, Appellant exercised his right to allocution. N.T., 5/4/15, at 4–5; Pa.R.Crim.P. 704 (C)(1) (trial court shall afford the appellant the opportunity to make a statement in his behalf at the time of sentencing). The trial court reviewed the presentence investigation report, had the opportunity to evaluate the remorse expressed by Appellant along with his expressed desire "to make better choices in the future," and it articulated its reasons for the sentence imposed. N.T., 5/4/15, at 5. Appellant's claim that the trial court failed to consider mitigating factors is without merit; we will not re-weigh those factors and impose our judgment in the place of the sentencing court. *Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa. Super. 2009). For all of these reasons, we conclude that Appellant is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/19/2016

- 9 -