**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| LEREX R. DOOLEY | |
| Appellant | No. 1688 EDA 2015 |

Appeal from the PCRA Order May 11, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008960-2007

BEFORE: OLSON, J., RANSOM, J., and STRASSBURGER, J.[*]

MEMORANDUM BY RANSOM, J.: **FILED JANUARY 31, 2017**

Appellant, Lerex R. Dooley, appeals from the May 11, 2015 order denying his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

On December 2, 2008, following a jury trial, Appellant was convicted of robbery, aggravated assault, possession of a firearm by a prohibited person, and possessing an instrument of crime (PIC).[1] On September 17, 2009, Appellant received an aggregate sentence of fifteen to thirty years of incarceration.

Appellant timely appealed to this Court, and his judgment of sentence was affirmed on January 19, 2011. *See Commonwealth v. Dooley*, 23

---

[1] 18 Pa.C.S. §§ 3701(a)(1)(i), 2702(a)(1), 6105(a), and 907(a) respectively.

[*] Retired Senior Judge assigned to the Superior Court.

A.3d 1084 (Pa. Super. 2011) (unpublished memorandum). He did not petition the Pennsylvania Supreme Court for allowance of appeal.

Appellant *pro se* timely filed a PCRA petition. Counsel was appointed but ultimately withdrew due to medical reasons. Appellant *pro se* filed an amended petition on March 21, 2014. New counsel was appointed but ultimately removed following a **Grazier**[2] hearing. With the PCRA court's permission, Appellant filed a second amended petition on December 12, 2014. The PCRA court issued notice pursuant to Pa.R.Crim.P. 907 that Appellant's petition would be dismissed without a hearing within twenty days. Appellant filed a response to the notice, but the court dismissed Appellant's petition without a hearing.

Appellant timely appealed, and counsel was reappointed. Appellant filed a court-ordered Pa.R.A.P. 1925(b) statement, and the PCRA court issued a responsive opinion.

On appeal, Appellant raises the following issues:

I. [Is Appellant] owed PCRA relief because the Commonwealth suppressed a 2007 agreement between Hiller and the Philadelphia District Attorney's Office that acknowledged Hiller's involvement in a 2006 homicide, and portions of a 2007 proffer statement discussing the same, and Dooley's prior attorneys ineffectively failed to discover and argue these **Brady**[3] violations?

---

[2] **See Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1999).
[3] **Brady v. Maryland**, 83 S. Ct. 1194 (1963).

II. [Is Appellant] owed PCRA relief because Hiller gave testimony the prosecution knew to be false and the prosecution did not seek to correct the misstatements?

III. [Is Appellant] owed PCRA relief because trial counsel failed to object, request a curative instruction, or move for a mistrial when the Commonwealth elicited testimony Hiller sold drugs with [Appellant's] alibi witness?

IV. [Is Appellant] owed PCRA relief because appellate counsel failed to challenge the adequacy of the curative instruction in response to Hiller's testimony [Appellant] intended to murder Hiller in retaliation for his testimony?

V. [Is Appellant] owed PCRA relief because trial counsel ineffectively questioned [Appellant's] alibi witness about his criminal history?

VI. [Is Appellant] owed PCRA relief because prior counsel was ineffective when counsel failed to secure the testimony of Karl Gamble?

VII. [Is Appellant] owed PCRA relief because prior counsel was ineffective when counsel failed to subpoena critical evidence?

VIII. Did PCRA court commit an error of law when the court denied [Appellant] an evidentiary hearing and did the court abuse its discretion when the court denied [Appellant] the opportunity to conduct discovery?

Appellant's Brief at 4.

We review an order denying a petition under the PCRA to determine whether the findings of the PCRA court are supported by the evidence of record and free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). We afford the court's findings deference unless there is no support for them in the certified record. *Commonwealth v. Brown*, 48

A.3d 1275, 1277 (Pa. Super. 2012) (citing **Commonwealth v. Anderson**, 995 A.2d 1184, 1189 (Pa. Super. 2010)).

In this case, the PCRA court dismissed Appellant's petition without a hearing. **See** PCRA Court Order, 5/11/15, at 1. There is no absolute right to an evidentiary hearing. **See Commonwealth v. Springer**, 961 A.2d 1262, 1264 (Pa. Super. 2008). On appeal, we examine the issues raised in light of the record "to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and denying relief without an evidentiary hearing." **Springer**, 961 A.2d at 1264.

We presume counsel is effective. **Commonwealth v. Washington**, 927 A.2d 586, 594 (Pa. 2007). To overcome this presumption and establish the ineffective assistance of counsel, a PCRA petitioner must prove, by a preponderance of the evidence: "(1) the underlying legal issue has arguable merit; (2) that counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission." **Commonwealth v. Johnson**, 966 A.2d 523, 533 (Pa. 2009) (citations omitted). "A petitioner establishes prejudice when he demonstrates that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. **Id.** A claim will be denied if the petitioner fails to meet any one of these requirements. **Commonwealth v. Springer**, 961 A.2d 1262, 1267 (Pa. Super. 2008)

(citing **Commonwealth v. Natividad**, 938 A.2d 310, 322 (Pa. 2007));
**Commonwealth v. Jones**, 942 A.2d 903, 906 (Pa. Super. 2008).

Appellant first claims that the Commonwealth suppressed an agreement between Kevin Hiller, Appellant's co-conspirator[4] and a witness at trial, and the Philadelphia District Attorney's Office. **See** Appellant's Brief at 10. Appellant argues that this evidence would have allowed him to effectively challenge Mr. Hiller's credibility. **Id.** He also argues that prior counsel was ineffective for failure to uncover this agreement and to litigate the issue on direct appeal. **Id.** at 17.

Appellant's **Brady** claim is waived for failure to litigate it on direct appeal. **See Commonwealth v. Chmiel**, 30 A.3d 1111, 1129-30 (Pa. 2011) (concluding that appellant's **Brady** claim concerning an alleged deal between the prosecutor and two material witnesses was waived for failure to have raised it in an earlier proceeding); **see also** 42 Pa.C.S. § 9544(b) ("an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, [or] on appeal.").

Appellant also argues that trial and appellate counsel were ineffective for failure to investigate or develop this claim. The PCRA court found this claim waived for failure to meaningfully develop it. **See Commonwealth v.**

---

[4] Appellant was never charged with conspiracy, and Mr. Hiller pleaded guilty prior to his trial. However, the facts established that the two men committed the robbery together. **See** PCRA Court Opinion (PCO), 8/4/2015, at 4.

**Steele**, 961 A.2d 786, 799 (Pa. 2008) (noting that where an appellant does not address and meaningfully develop the three prongs of the ineffectiveness test, he has waived his claims). We agree. Accordingly, Appellant's ineffectiveness claim is waived.[5]

Appellant next claims that he is owed PCRA relief because Mr. Hiller gave testimony the prosecution knew to be false, and the prosecution did not seek to correct the misstatements.[6] **See** Appellant's Brief at 20. Appellant does not aver that counsel was ineffective for failing to challenge this testimony, but argues that the Commonwealth committed misconduct in allowing Mr. Hiller to testify in such a manner. **Id.** at 21. However, because Appellant did not raise this claim on direct appeal, he has waived it for purposes of the instant PCRA. **See Chmiel**, 30 A.3d at 1129-30; **see also** 42 Pa.C.S. § 9544(b).[7]

_____

[5] Even if not waived, this claim is meritless. Appellant argues that the 2007 cooperation agreement between Mr. Hiller and the Commonwealth was suppressed. However, the prosecutor, during the hearings on Appellant's post-sentence motions, confirmed that both cooperation agreements had been turned over to the defense. **See** Notes of Testimony (N. T.), 1/14/10, at 24. Further, Hiller had already acknowledged that he had a cooperation agreement with the Commonwealth in exchange for a reduced sentence in another case. **Id.** at 119-120, 149-157.

[6] During cross examination, defense counsel sought to impeach Mr. Hiller's credibility by establishing that Mr. Hiller had confessed to Appellant that he had been involved in a homicide. **See** N. T., 11/25/08 at 185-87. On the stand, Mr. Hiller denied this confession. **Id.** at 196, 220-21.

[7] Even if not waived, this claim is meritless. Appellant argues that Mr. Hiller lied about not being involved with a homicide. **See** Appellant's Brief at 12. However, Mr. Hiller testified to his involvement in an unrelated incident

*(Footnote Continued Next Page)*

- 6 -

In his third issue, Appellant claims that trial counsel was ineffective for failure to object, request a curative instruction, or move for a mistrial when the Commonwealth elicited testimony that Mr. Hiller had sold drugs with Appellant's alibi witness, Michael Seibert. *See* Appellant's Brief at 22. Appellant argues that this testimony violated Pa.R.E. 404(b) and Pa.R.E. 609 *See* Appellant's Brief at 24. Appellant argues counsel could have had no reasonable strategy in failing to object to this testimony, and that he was prejudiced because, without it, the jury would have credited Mr. Seibert's testimony over the testimony of the Commonwealth's rebuttal witness. *Id.*

As noted above, Appellant presented Mr. Seibert as an alibi witness. Mr. Seibert testified that, on the day of the robbery, he worked with Appellant for a moving company in the morning and dropped Appellant off at a second job at Academy Collections in the afternoon. *See* N. T., 11/25/08 at 238-240. He could not account for Appellant's whereabouts after dropping him off. *Id.* During the direct examination of Kevin Hiller, the prosecutor asked Mr. Hiller how he knew Mr. Seibert. *Id.* at 117. Mr. Hiller responded that they had sold drugs together. *Id.*

---

*(Footnote Continued)* _____

before the jury on direct examination. *See* N. T., 11/25/08, at 196. Appellant was able to impeach Mr. Hiller's credibility on this basis. Other witnesses also placed Appellant at the scene. *See* N. T., 11/25/08, at 50-51, 54, 135-36. Accordingly, Appellant cannot establish prejudice. *See Johnson*, 966 A.2d at 533.

As a first note, Pa.R.E. 609 does not apply in this issue. The Pennsylvania Rules of Evidence prohibit, for the purpose of attacking the credibility of any witness, evidence that the witness has been convicted of a crime except crimes of *crimen falsi*. Pa.R.E. 609(a). However, during Mr. Hiller's testimony, no evidence was introduced that Mr. Seibert had been arrested, charged, or convicted of a crime. Consequently, this testimony was not in violation of Pa.R.E. 609.

Pa.R.E. 404(b) prohibits evidence of a crime, wrong, or other act when used to prove a person's character to show that on a particular occasion, the person acted in accordance with the character. Pa.R.E. 404(b)(1). This evidence may be admissible to prove motive, opportunity, intent, plan, etc., but only if the probative value of the evidence outweighs its potential for unfair prejudice. Pa.R.E. 404(b)(2). In the instant case, it is unclear what purpose the elicitation of testimony regarding Mr. Seibert's alleged drug dealing could have had, except to discredit his testimony. Even so, Appellant still must show that he was prejudiced by trial counsel's failure to object. *See Johnson*, 966 A.2d at 533. Namely, Appellant must establish by a reasonable probability that but for counsel's error, the result would have been different. *Id.*

In the instant case, the Commonwealth also introduced the testimony of Sharon Mazzacano, human resources director of Academy Collections. *See* N. T., 11/26/08, at 57-60, 104-111. Ms. Mazzacano testified that Appellant

did not report to work that day. *Id.* She provided employee attendance records, reflecting that Appellant had taken a personal day on the day of the robbery. *Id.* Accordingly, even if trial counsel had objected to the testimony regarding Mr. Seibert's criminal activities, the jury as fact-finder weighed the evidence and credited the testimony of Ms. Mazzacano. *See, e.g.*, *Commonwealth v. Hankerson*, 118 A.3d 415, 420 (Pa. Super. 2015) (noting that this Court may not re-assess the credibility of a witness' testimony when ruling on a weight of the evidence claim). Further, the victim positively identified Appellant in a photo array, a lineup, at the preliminary hearing, and at trial. *See* N. T., 11/25/08 at 53, 56, 69-73. Accordingly, Appellant cannot show prejudice. *See Johnson*, 966 A.2d at 533.

Appellant next claims that trial counsel was ineffective for failing to challenge the adequacy of the curative instruction given by the trial court in response to Mr. Hiller's testimony that Appellant intended to murder Mr. Hiller in retaliation for his testimony. *See* Appellant's Brief at 29. Appellant argues that counsel should have requested a mistrial. *Id.* at 31.

Appellant has waived this claim for failure to raise it on direct appeal, and for failure to raise the ineffectiveness of appellate counsel in the court below. *See Commonwealth v. Rigg*, 84 A.3d 1080, 1084-85 (Pa. Super. 2014) (noting that issues not raised before the PCRA court in petition, amended petition, or response to Pa.R.Crim.P. 907 notice are waived on

appeal); ***see also Chmiel***, 30 A.3d at 1129-30 (concluding that claims that could be raised on direct appeal but were not are waived); ***see also*** 42 Pa.C.S. § 9544(b).

In the instant case, Mr. Hiller stated that he believed Appellant would attempt to kill him as a result of his cooperation with the prosecution. ***See*** N. T., 11/25/08, at 158-59. Counsel twice objected, and the trial court ordered the jury to disregard the comments. ***Id.*** Nevertheless, Appellant argues that these instructions were inadequate, and a mistrial should have been requested and granted. ***Id.*** Appellant admits he did not challenge the effectiveness of appellate counsel for failing to argue this issue on direct appeal. ***Id.*** However, he argues that this issue is "broad enough to encompass appellate counsel's failure to raise the question" and requests we reach the merits of the issue. We decline to do so, and find that Appellant has waived this claim.

In his fifth issue, Appellant argues that trial counsel was ineffective for eliciting testimony from Mr. Seibert regarding his criminal history. ***See*** Appellant's Brief at 26. Appellant argues that Pa.R.E. 609 would have barred testimony of Mr. Seibert's convictions for selling drugs and firearms act offenses, as they were older than ten years and were not *crimen falsi*. ***Id.*** at 26-27. Appellant argues he was prejudiced by this testimony, as without it, the jury would have credited Mr. Seibert's testimony over that of the Commonwealth's rebuttal witness.

During the direct testimony of Mr. Seibert, trial counsel inquired whether Mr. Seibert had a criminal record. Mr. Seibert admitted to a previous drug conviction, but stated he had since been working a regular job and paying his taxes. *See* N. T., 11/25/08 at 236-37. On cross examination, the Commonwealth was allowed to question Mr. Seibert regarding his firearms convictions as trial counsel had opened the door. *Id.* at 248-49. However, as discussed *supra*, Appellant cannot show prejudice. *See Hankerson*, 118 A.3d at 420; *Johnson*, 966 A.2d at 533.

Appellant next claims trial counsel was ineffective for his failure to secure the testimony of Karl Gamble. *See* Appellant's Brief at 32. Mr. Gamble's affidavit claimed that Mr. Hiller had told Mr. Gamble he intended to falsely implicate Appellant in criminal activity. *Id.* at 32-33. Appellant argues the PCRA court's conclusion that Mr. Gamble was unavailable to testify was erroneous. *Id.* at 33.

To establish a claim that counsel was ineffective for failing to investigate or call witnesses, an appellant must meet four prongs: (1) the witness existed; (2) counsel was either aware of or should have been aware of the witness' existence; (3) the witness was willing and able to cooperate with the defense; and (4) the defendant was prejudiced by the absence of the witness' testimony. *See Commonwealth v. Simpson*, 66 A.3d 253, 271 (Pa. 2013). Where a defendant cannot establish that a witness was

available to testify for the defense, the claim fails. *See Washington*, 927 A.2d at 600.

Appellant's petition identifies Mr. Gamble as a potential witness, the affidavit avers that Mr. Gamble was willing to cooperate with the defense, and Appellant claims he informed prior counsel about Mr. Gamble's proposed testimony. *See* Affidavit of Karl Gamble, at 1-2; Appellant's Brief at 32. The PCRA court concluded that Appellant could not prove that Mr. Gamble was available to testify, but Appellant argues that this is an incorrect interpretation of Mr. Gamble's affidavit. The relevant portion of the affidavit reads:

> Sometime later, my cousin Kevin Hiller wrote a letter explaining his reasoning for setting-up [Appellant]. I told my family he was wrong to do what he had done, but by the time Rex's trial came around, my father fell ill and soon after, so did my mother, both later passed away. By having to deal with the passing of my parents, it prevented me from telling what I knew and testifying for [Appellant] as I said I would. But I have been and am still, willing to testify . . .

Affidavit of Karl Gamble, at 2. In this case, we reject Appellant's argument that the affidavit established Mr. Gamble's availability to testify. On its face, it is inadequate to establish ineffective assistance of counsel. *See Washington*, 927 A.2d at 600.

Appellant next claims that prior counsel were ineffective for failure to subpoena critical evidence. *See* Appellant's Brief at 35. He argues that counsel should have obtained Mr. Hiller's 2001 conviction for robbery for impeachment purposes. *Id.* He also argues that counsel was ineffective for

failure to subpoena a full and unredacted version of a federal proffer session with Mr. Hiller. *Id.*

The Pennsylvania Supreme Court has held that "[a]ny issues not raised in a [Rule] 1925(b) statement will be deemed waived." *Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005) (quoting *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998). Issues that are only generally raised are also waived. *See* Pa.R.A.P.1925(b)(4)(ii) ("The [1925(b)] Statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge."). A Rule 1925(b) statement "which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no . . . Statement at all." *Lineberger v. Wyeth*, 894 A.2d 141, 148 (Pa. Super. 2006).

In Appellant's Pa.R.A.P. 1925(b) statement, Appellant avers that the PCRA court erred "in not granting PCRA relief due to appellate counsel's ineffectiveness for failure to subpoena law enforcement authorities to obtain unredacted police reports and have the officers who prepared the reports to testify at trial" *See* Appellant's Pa.R.A.P. 1925(b) Statement, at 2. The PCRA court noted that Appellant had not specified what reports he wished to have subpoenaed but had addressed the redacted FBI reports in his second amended petition for PCRA relief. Nowhere did the PCRA court address the 2001 robbery conviction. Further, it found Appellant's claims waived for lack

of development. Accordingly, because Appellant did not sufficiently preserve these issues in his Pa.R.A.P. 1925(b) statement, he has now waived them on appeal.[8]

Finally, Appellant claims that the PCRA court erred in denying him an evidentiary hearing and abused its discretion when it denied him the opportunity to conduct discovery.

As noted above, there is no absolute right to an evidentiary hearing. *See Springer*, 961 A.2d at 1264. We examine the record to determine whether the PCRA court erred in concluding there were no genuine issues of material fact and denying relief without an evidentiary hearing. *Id.* Based upon our review of the record and the issues Appellant raised, there were no genuine issues of material fact that would require an evidentiary hearing. Accordingly, the court did not err in denying Appellant's request. *Id.*

Appellant argues that, nevertheless, he should have been entitled to conduct discovery. Discovery is not permitted in PCRA proceedings unless a defendant demonstrates "exceptional circumstances." Pa.R.Crim.P. 902(E).

---

[8] Even if this issue was not waived, it would be meritless. Mr. Hiller testified on direct that he had been convicted of robbery, a crime of dishonesty, in federal court and admitted to participating in the instant robbery. *See* N. T., 11/25/08, at 118-19, 154-56. Counsel could, and did, attack Mr. Hiller's credibility based upon those statements. Further testimony regarding Mr. Hiller's criminal history would have been merely cumulative. *See Commonwealth v. Solano*, 129 A.3d 1156, 1175 (Pa. 2015) (noting that where the jury had already been informed of the incarceration of the witness and pending charges, any further impeachment was only cumulative).

The PCRA court has the ability to determine whether exceptional circumstances exist, and that decision will not be disturbed on appeal absent an abuse of discretion. *See Commonwealth v. Frey*, 41 A.3d 605, 611 (Pa. Super. 2012); *see also Commonwealth v. Hanible*, 30 A.3d 426, 452 (Pa. Super. 2011) (*en banc*).

In the instant case, such extraordinary circumstances did not exist. Appellant requested all documents in the Commonwealth's possession that were exculpatory or tended to impeach the credibility of Commonwealth witnesses Kevin Hiller and Leon Borsovsky. Appellant did not specify what these documents were or whether they actually existed. As noted above, Appellant did, in fact, impeach the testimony of Kevin Hiller. There was no indication that any documents existed that would impeach the testimony of Mr. Borovsky. Accordingly, the court did not err in denying such a request. *See*, *e.g.*, *Frey*, 41 A.3d at 612 ("[M]ere speculation that exculpatory evidence might exist does not constitute an exceptional circumstance warranting discovery.").

Accordingly, we discern no error in the PCRA court's decision to dismiss Appellant's petition following an evidentiary hearing. Appellant's claims are without merit, and he is entitled to no relief.

Order affirmed. Judge Olson joins the memorandum. Judge Strassburger concurs in the result.

- 15 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/31/2017</u>